IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRIENDS OF CEDAR MESA,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPT. OF THE INTERIOR et al.,<br><br>    Defendants. | **[PROPOSED] CONSOLIDATED SCHEDULING ORDER IN AN ADMINISTRATIVE CASE UNDER DUCivR 7-4**<br><br>Case No. 4:19-cv-00013-DN-PK<br>Case No. 2:19-cv-00266-DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |
| SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BERNHARDT et al.,<br><br>    Defendants. | |

Pursuant to Local Rule 7-4 (a)(5), and the Court's May 6, 2019 Order Granting Motion to Consolidate Related Cases,[1] the parties to these consolidated cases jointly submit the following proposed consolidated case schedule:

---

[1] Order Granting Motion to Consolidate Related Cases, docket no. 25, filed May 6, 2019.

1. <u>Agency Decision(s) Challenged:</u>

a. Plaintiff Friends of Cedar Mesa challenges Federal Defendants' Final Environmental Assessment (EA), Finding of No Significant Impact (FONSI), Section 106 Cultural Resources Report, Decision Record, and subsequent lease issuances for the BLM Utah March 2018 Lease Sale.

b. Plaintiff Southern Utah Wilderness Alliance challenges Federal Defendants' Final Environmental Assessment (EA), Finding of No Significant Impact (FONSI), Decision Record, and subsequent lease issuances for the BLM Utah March 2018 Lease Sale, as well as the Determination of NEPA Adequacy, Decision Record and lease issuance for the BLM Utah December 2018 Lease Sale.

2. <u>Plaintiffs' Grounds for Challenging Agency Decision</u>:

a. Plaintiff Friends of Cedar Mesa contends that Federal Defendants violated the National Historic Preservation Act (NHPA) by failing, *inter alia*, to properly identify and analyze the adverse effects to cultural resources in the lease area; violated the National Environmental Policy Act (NEPA) by failing to take a "hard look" at the environmental impacts of oil and gas leasing, failing to consider appropriate alternatives, and failing to prepare an Environmental Impact Statement (EIS); and violated the Endangered Species Act (ESA) by failing to initiate or reinitiate consultation over the impacts of the March 2018 lease sale. These failures were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

b. Plaintiff Southern Utah Wilderness Alliance (SUWA), contends that Federal Defendants violated the National Environmental Policy Act (NEPA) by failing to

analyze or disclose (1) reasonably foreseeable downstream greenhouse gas (GHG) emissions that will result from development of the leases, and (2) cumulative impacts of its leasing decisions to national monuments and cultural resources, among other resource values. SUWA also contends that Federal Defendants violated NEPA and the Federal Land Policy and Management Act by unlawfully restricting public opportunities to participate in the December 2018 lease sale. These failures were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

    3.    <u>Agency's Reasons in Support of Agency Decision</u>: The Bureau of Land Management's May 17, 2018 Decision Record ("DR"), Finding of No Significant impact, and the February 5, 2019 Determination of NEPA Adequacy ("DNA") authorizing BLM to issue oil and gas leases were not arbitrary and capricious because the DR and DNA were based on information and evidence that complied with its obligations under NEPA, NHPA, the Endangered Species Act, and the Mineral Leasing Act, among other things. Moreover, Plaintiffs request that this Court declare unlawful and set aside the Environmental Assessment and other documents that were prepared to assist BLM make its final leasing decision do not constitute "final agency action," which is a jurisdictional prerequisite to waive the United States' sovereign immunity under 5 U.S.C. § 702. Therefore, this court should affirm BLM's May 17, 2018 and February 5, 2019 decisions in their entirety.

    4.    <u>Dates of Filing of Relevant Documents</u>:

    Administrative Record: 7/15/2019

    Motion to Amend Complaint: 7/26/2019

    Amended Agency Statement: 8/5/2019

5.  <u>Objections to contents of administrative record shall be filed by</u>: 09/13/2019.

6.  <u>Response to objections to administrative record shall be filed by</u>: 14 days from the date of Plaintiff's motion.

7.  <u>Plaintiff shall file their respective "Opening Briefs" by</u>:  10/8/2019 or 45 days after the resolution of any objections to, or supplementations to, the record, whichever is later.

8.  <u>Defendants shall file a consolidated "Opposition Brief" by</u>:  11/8/2019 or 28 days from the filing of Plaintiff's Opening Brief, whichever is later.

9.  <u>Plaintiffs may file their respective "Reply Briefs" no later than</u>:  11/29/2019 or 14 days from the filing of the agency's Opposition Brief, whichever is later.

10. <u>Oral argument on the parties' briefs is scheduled for</u>: ____/____/2019

Amendments to this scheduling order shall only be approved for good cause shown.

DATED this _____ day of May 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

APPROVED:

/s/ Sarah Stellberg_____
Counsel for Plaintiff Friends of Cedar Mesa
SARAH STELLBERG
TODD C. TUCCI

/s/ Landon Newell_____
Counsel for Plaintiff Southern Utah Wilderness Alliance

LANDON NEWELL
STEPHEN BLOCH

JOHN W. HUBER
United States Attorney

/s/ Melina Shiraldi
MELINA SHIRALDI
JARED C. BENNETT
Assistant United States Attorneys